TAX COURT OF NEW JERSEY



CHRISTINE M. NUGENT
JUDGE

153 Halsey Street
Gibraltar Building – 8th Floor
Newark, New Jersey 07101
(609) 815 – 2922 Fax: (973) 648-2149

October 10, 2019

Mrs. Chaxisma Byrd
8 Monticello Avenue, Apt. 31
Newark, New Jersey 07106

Anthony D. Tancini
Deputy Attorney General
25 Market Street, P.O. Box 106
Trenton, New Jersey 08625

Re:  **Chaxisma Byrd v. Director, Division of Taxation**
**Docket No. 011136-2018**

Dear Mrs. Byrd and Mr. Tancini:

This is the court's opinion after trial of the above-captioned matter wherein Taxpayer Chaxisma Byrd challenged the Final Determination of the Division of Taxation ("Taxation"). Taxation denied Taxpayer's claim for the New Jersey Earned Income Tax Credit (the "EITC") in the amount of $1477 for tax year 2016. For the reasons set forth below, the Director's decision is reversed.

## FACTS & PROCEDURAL HISTORY

At trial, the court heard the testimony of Taxpayer and the Conferee testified on behalf of Taxation. Joint exhibits and Taxpayer's federal tax return were admitted into evidence. Based on the evidence presented, the court finds the following facts.

On Taxpayer's 2016 federal income tax return Form 1040, she reported her status as head-of-household, she reported her residence as Newark, New Jersey, and she claimed her three youngest children as dependents for purposes of personal exemptions. She reported $10,080 as

*

income from babysitting. The Internal Revenue Service ("IRS") granted Taxpayer a federal Earned Income Credit ("EIC") in the amount of $4219.

Taxpayer timely filed her 2016 New Jersey return with the filing status head-of-household and three dependents. She reported net profits from a babysitting business in the amount of $10,080 and claimed an Earned Income Tax Credit (the "EITC") of $1477.

On May 15, 2017, Taxation's taxpayer accounting branch requested a Form 1099-MISC, bank statements, or a business license to determine Taxpayer's eligibility to claim the EITC. Taxpayer produced a copy of her Social Security card and a copy of a Federal Account Transcript showing 2016 EIC of $4219. Taxpayer also provided a statement saying that she had a babysitting business, and named three clients. On June 2, 2017, Taxation denied Taxpayer's EITC claim on the grounds that Taxpayer failed to provide sufficient documentation to substantiate her claim of EITC eligibility.

Taxpayer then followed up with Taxation by sending copies of forms NJ-BUS-1 (NJ Business Income Summary Schedule) and NJ-BUS-2 (NJ Alternative Business Calculation Adjustment), as well as a copy of the Federal Schedule SE. Taxation sent Taxpayer a final denial letter dated July 25, 2017 stating that she was not eligible for the EITC. The sole justification given for the denial was that Taxpayer "did not submit sufficient proof of . . . business income."

Taxpayer resubmitted Form NJ-BUS-1, Form NJ-BUS-2, and Federal Schedule SE, along with a letter arguing that since she had submitted all the requested documents, she should receive the EITC. In response, Taxation advised that since 90 days had not yet passed, she could file a protest if she disagreed with the determination. Taxpayer then filed a timely protest of Taxation's denial notice. An in-person conference was conducted on April 12, 2018. According to the Conferee's report, during the conference, Taxpayer stated that she had provided documents to

2

Taxation multiple times but that Taxation was not "releasing" the money due to her. Taxpayer maintained that if the IRS had granted her the EIC, New Jersey could not deny her the EITC.

The Conferee instructed Taxpayer to provide "additional documents to substantiate her income," including: (i) a comprehensive statement by Taxpayer detailing the nature of her business; (ii) "bank statements, invoices, receipts," or other such documents that would support her claim of income; and (iii) "[n]otarized statements from her clients clearly stating" the services they paid for and the amounts that they paid. Taxpayer forwarded the following documents: (i) a statement from Taxpayer providing the names of three clients—Ruth Ogunsaju, Shenell Samll, and Jazzmyn Byrd (Taxpayer's daughter)—and stating that each client paid Taxpayer $300 on a monthly basis for babysitting; (ii) twelve months of handwritten receipts for each of Ogunsaju and Samll; and (iii) two notarized statements (one each from Ogunsaju and Samll) affirming that Taxpayer provided babysitting care for their respective children.[1]

Based on a review of information available to it, including Ogunsaju's 2016 tax return, Taxation identified "discrepancies" as to the number of children Ogunsaju had in 2016. Taxation's Final Determination upheld the denial of the EITC on the ground that "to qualify for EITC [Taxpayer] must work and have earned income" but Taxpayer "failed to provide [Taxation] with sufficient documentation to substantiate [Taxpayer's] source of . . . business income." According to the Conferee Report, "[t]he Conferee was not able to verify the taxpayer's source of income as there were too many discrepancies in the information provided by her." Taxpayer filed a timely complaint in this court challenging Taxation's Final Determination.

---

[1] Taxpayer acknowledged at trial that she prepared the statements that the clients later signed and had notarized. In addition, she testified that her daughter Jazzmyn Byrd relocated outside of New Jersey sometime after 2016.

**ANALYSIS**

New Jersey provides an EITC to resident individuals under the New Jersey Earned Income Tax Credit program. N.J.S.A. 54A:4-7. "A resident individual who is eligible for a credit under [I.R.C. § 32] shall be allowed a credit for the taxable year equal to a percentage, as provided in paragraph (2) of this subsection, of the federal earned income tax credit that would be allowed to the individual . . . under [I.R.C. § 32] for the same taxable year for which a credit is claimed pursuant to this section . . . ." N.J.S.A. 54A:4-7(a)(1); see also N.J.A.C. 18:35-4.3(g)(1) ("to qualify for" the EITC, the claimant "must claim and be allowed" the federal EIC "for the same taxable year; . . ."). A taxpayer's EIC eligibility under I.R.C. § 32 depends, among other things, on whether they have "qualifying children" during the relevant federal tax year. I.R.C. § 32. If married, the EITC is allowed only for joint filers. N.J.S.A. 54A:4-7(a)(3). Pursuant to the New Jersey statute and implementing regulation, if a married individual files a return as head-of-household, the joint filing requirement does not bar entitlement to the EITC. Ibid.; N.J.A.C. 18:35-4.3(g)(3).

As an initial matter, tax credits are a matter of legislative grace. Despite Taxpayer's contention, Taxation is not required to grant Taxpayer the EITC solely because the IRS did so. The statute grants the EITC to taxpayers who "would be allowed" the federal EIC. N.J.S.A. 54A:4-7(a)(1). Taxation may find that a taxpayer failed to qualify regardless of whether the IRS challenges the taxpayer's EIC claim. The burden is on the taxpayer to prove entitlement to the EITC.

It is undisputed that Taxpayer was a New Jersey resident in 2016, had qualifying children, and Taxation accepted her filing as head-of-household. Taxation's rationale in denying Taxpayer's EITC claim was her inability to verify her income source. Taxpayer contends that she

4

did have income and complied with Taxation's requests for proof. Taxation argued that it could not verify her income because Taxpayer failed to provide bank statements despite repeated requests. Per her testimony at trial, Taxpayer had no bank statements to provide. Neither the statute nor the regulation conditions EITC eligibility on the production of bank statements or the need to maintain a bank account. See N.J.S.A. 54A:4-7; N.J.A.C. 18:35-4.3.[2] Taxpayer provided the three forms of documentation requested by Taxation, namely: Taxpayer's comprehensive statement detailing the nature of her business; transaction receipts for payments received; and signed and notarized statements from her clients. In making its determination, the court will examine each of the documents presented.

As to the receipts, Taxpayer admitted that she prepared them only after Taxation asked her for receipts. The fact that the receipts were not prepared by Taxpayer and signed by her clients contemporaneously with the transactions does not affect the reliable nature of the documents. However, the court finds that effective cross-examination raised a question about the authenticity of the client's signatures. For that reason, the court will not assign weight to the documents.

Taxpayer also submitted two notarized statements from her clients, one from Samll and one from Ogunsaju. In her statement, dated April 17, 2018, Shenell Samll specified that she paid $300 per month as compensation for Taxpayer "provid[ing] babysitting care for my two children." As Taxation raised on cross-examination, there are inconsistencies in the spelling of Samll's name. On the one-page statement alone, Samll's name is spelled three different ways – "Shanail Small," "Shenell Samll," and "Shenell Sample." The signature reads "Shenell Sample." The

---

[2]    "To qualify for the New Jersey earned income tax credit . . . (2). the individual or individuals shall file a New Jersey gross income tax return, . . . and provide such information, documentation, and copies of Federal income tax forms as required by the Director, Division of Taxation . . . ." N.J.A.C. 18:35-4.3(g)(2).

inconsistencies went unexplained at trial. The court finds that these inconsistencies render the statement unreliable.

Taxpayer provided the signed affirmation of Ruth Ogunsaju, also dated April 17, 2018. Ogunsaju states that Taxpayer "provide[d] babysitting care for my 4 children" for which Ogunsaju paid Taxpayer a total of $300 per month. Ogunsaju's affirmation provides the ages of the four children as: four months, three years, six years, and eight years. Taxation discounted the evidence for two reasons. Taxation raised a discrepancy in Taxpayer's description of the services she provided Ogunsaju. In her first statement, Taxpayer claimed she babysat for Ogunsaju's three children, but in her second statement she listed four children. Taxation likewise discounted Ogunsaju's statement because their "records indicated that Ogunsaju had filed her 2016 return claiming just 1 dependent."

At trial, Taxpayer clarified how many children she babysat. Taxpayer testified that in 2016 she babysat three children for Ogunsaju, and that the fourth child was born sometime later. The court finds Taxpayer's explanation for the discrepancy in her statements to be reasonable. As to the number of dependents Ogunsaju reported in her tax returns, a taxpayer can have more children than "dependents," as that term is defined in N.J.S.A 54A:1-2 and I.R.C. § 152. It is entirely possible that Ogunsaju's other children did not qualify as her dependents under the statute. For example, perhaps they did not live with Taxpayer for more than one-half of the tax year, or they may have otherwise failed to qualify as dependents. I.R.C. § 152. While the number of children Taxpayer babysat for in 2016 may be in dispute, the court accepts that she baby sat for the family at that time.

This court finds Taxpayer credible in her testimony that she provided babysitting services during 2016 and was paid for her services. Taxation cross-examined Taxpayer in detail on several

6

dispositive points and Taxpayer withstood this examination and presented a version of facts that was consistent with the statements she made to Taxation during administrative proceedings. At trial, Taxpayer's version of the facts never varied. Moreover, while cross-examination did reveal that Taxpayer kept poor records and made some mistakes in her correspondence with Taxation, the court finds that the documents she produced, namely both Ogunsaju's and Taxpayer's statements, provide credible proof of Taxpayer's 2016 source of income.

The Court finds that Taxpayer had income during tax year 2016, which entitles her to the EITC for 2016. The clerk of the Tax Court shall enter judgment as directed herein.

Very truly yours,

Christine Nugent, J.T.C.